IN THE
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

No. 24-1544
_____

UNITED STATES OF AMERICA,
Appellee,

v.

MATTHEW MADDEN,
Appellant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

APPELLANT'S REPLY BRIEF
_____

        LAINE CARDARELLA
        Federal Public Defender
        Western District of Missouri

        By:   Rebecca Kurz
                Appellate Chief
                Federal Public Defender Office
                1000 Walnut, Suite 600
                Kansas City, MO 64106
                (816) 471-8282
                Becky_Kurz@fd.org

                **Counsel for Appellant**

# TABLE OF CONTENTS

ARGUMENT ...................................................................................................1

    **Issue: Did the district court err in denying Mr. Madden's motion for judgment of acquittal because 18 U.S.C. § 922 (g)(3) is unconstitutionally vague and violates the Second Amendment as applied to him?** ...............................................................................................1

        **A. Mr. Madden did not waive his constitutional claim by entering a pretrial diversion agreement with the government** .......................1

        **B. This Court's precedent does not bar a conclusion that § 922 (g)(3) is unconstitutional as applied to Mr. Madden** ........................3

        **C. Mr. Madden's as-applied challenge is meritorious and does not fail because of his admitted daily usage of marijuana** ..............7

CONCLUSION .............................................................................................11

CERTIFICATE OF COMPLIANCE ...........................................................12

CERTIFICATE OF SERVICE .....................................................................12

Appellate Case: 24-1544   Page: 2   Date Filed: 09/27/2024 Entry ID: 5440503

# TABLE OF AUTHORITIES

## Cases

*Boykin v. Alabama*, 395 U.S. 238 (1969) ................................................................2

*Loper Bright Enterprises v. Raimondo*, 144 S.Ct. 2244 (2024) ................................7

*Marbury v. Madison*, 5 U.S. 137 (1803) ...................................................................7

*New York State Rifle & Pistol Ass'n v. Bruen,* 597 U.S. 1 (2022) ........................5, 6

*Perez v. Mortgage Bankers Assn*, 575 U.S. 92 (2015) ..............................................7

*United States v. Boslau*, 632 F.3d 422 (8th Cir. 2011) ..............................................4

*United States v. Bramer*, 832 F.3d 908 (8th Cir. 2016) .............................................3

*United States v. Broce*, 488 U.S. 563 (1989) ............................................................2

*United States v. Carnes*, 22 F.4th 743 (8th Cir. 2022) ..............................................4

*United States v. Deng*, 104 F.4th 1052 (8th Cir. 2024) .............................................3

*United States v. Flores*, 663 F.3d 1022 (8th Cir. 2011) .............................................6

*United States v. McIntosh*, 23 F.3d 1454 (8th Cir. 1994) ..........................................5

*United States v. Seay*, 620 F.3d 919 (8th Cir. 2010) .................................................5

*United States v. Sitladeen*, 64 F.4th 978 (8th Cir. 2023) .......................................5, 6

*United States v. Turnbull*, 349 F.3d 558 (8th Cir. 2003) .......................................3, 4

*United States v. Veasley*, 98 F.4th 906 (8th Cir. 2024) .................................... 5, 6, 9

*United Stats v. Connelly*, --- F.4th ---, 2024 WL 3963874 (5th Circuit 2024) ........10

**Statutes**

18 U.S.C. § 922 (g)(3) ................................................................................. passim

**Other Authorities**

Eighth Circuit Model Jury Instruction 6.18.922B ....................................... 3

**Rules**

Fed. R. Crim. P. 11 ........................................................................................ 2

**Regulations**

27 C.F.R. § 478.11 ............................................................................... 3, 4, 10

# ARGUMENT

**Issue: Did the district court err in denying Mr. Madden's motion for judgment of acquittal because 18 U.S.C. § 922 (g)(3) is unconstitutionally vague and violates the Second Amendment as applied to him?**

**A. Mr. Madden did not waive his constitutional claim by entering a pretrial diversion agreement with the government.**

The government insists that Mr. Madden waived his constitutional challenge because he made factual admissions in his pretrial diversion agreement with the government (Gov't. Br. at 11-14).[1] The government claims it is "irrelevant" that "those admissions came in a diversion agreement rather than as part of a guilty plea" (Gov't. Br. at 14). The government argues any admission of fact that constitutes a statutory violation waives the individual's right to claim the statute is unconstitutional. According to the government, "Madden's factual stipulation provides sufficient evidence that he is guilty of violating § 922(g)(3)" (Gov't. Br. at 12). The government is wrong.

---

[1] There are two criminal cases in the record on appeal: 1) the case related to the pretrial diversion agreement, 20-cr-00121, referenced as "R. Doc. I"; and 2) the case related to the conviction, 22-cr-00182, referenced as "R. Doc. II." The record on appeal includes a transcript of the bench trial, referenced as "Tr.," a sentencing transcript, referenced as "Sent. Tr.," and a presentence investigation report, referenced as "PSR." A copy of Government's Exhibit 1, the Agreement for Pretrial Diversion, is included in the Addendum, referenced as "Add." The Brief for the United States is referenced as "Gov't. Br."

1

A pretrial diversion agreement is far different from a guilty plea. "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Because a guilty plea admits certain conduct and guilt of a substantive crime, the defendant "must be instructed in open court on the nature of the charge to which the plea is offered" and must "possess[] an understanding of the law in relation to the facts." *United States v. Broce*, 488 U.S. 563, 762 (1989) (cleaned up).

The government's theory would upend criminal law as we know it. Once a defendant entered a written plea agreement with the government, he would waive any constitutional challenge to the statute he admitted violating. Under the government's theory, a defendant need not go to court, enter a voluntary and knowing guilty plea, and have that plea accepted by the court after the requirements of Fed. R. Crim. P. 11 have been satisfied. If the government has its way, a written agreement signed by the defendant and his attorney forecloses any constitutional challenge to the statute even though it is only an executory agreement (Gov't. Br. at 12). A court's acceptance of the plea and entry of a judgment of conviction is unnecessary according to the government.

The government cites no authority supporting its theory. It cites only cases in which a defendant pled guilty. See, Gov't. Br. at 11-12, citing *United States v.*

2

*Deng*, 104 F.4th 1052, 1054 (8th Cir. 2024) ("Deng's as-applied challenge fails too because he waived it by pleading guilty unconditionally") and *United States v. Bramer*, 832 F.3d 908, 909 n. 2 (8th Cir. 2016) (appeal waiver in plea agreement "precludes all but a facial constitutional challenge").

Mr. Madden did not enter a guilty plea, and his pretrial diversion agreement did not implicitly or explicitly waive his claim that § 922 (g)(3) is unconstitutional as applied to him. In any event, as will be argued below, the stipulated facts in the diversion agreement do not doom his constitutional argument. *Infra*, at 8.

**B. This Court's precedent does not bar a conclusion that § 922 (g)(3) is unconstitutional as applied to Mr. Madden.**

The term "unlawful user" as used in § 922 (g)(3) is not statutorily defined. The government admits courts generally agree § 922(g)(3) risks being unconstitutionally vague without a judicially-created temporal nexus between the gun possession and regular drug use. See, Gov't. Br. at 14, citing *United States v. Turnbull*, 349 F.3d 558, 561 (8th Cir. 2003), *vacated*, 543 U.S. 1099 (2005), *and reinstated*, 414 F.3d 942 (8th Cir. 2005). The Eighth Circuit has adopted a model jury instruction defining "unlawful user" based on the definition used by the Treasury Department in its firearms regulations, 27 C.F.R. § 478.11. See, Eighth Circuit Model Jury Instruction 6.18.922B, note 1.

3

The Treasury Department's definition of "unlawful user" does not require use of a controlled substance at the precise time the individual possesses a firearm. 27 C.F.R. § 478.11. "[R]ecent use or possession of a controlled substance" would suffice, as would "a pattern of use or possession that reasonably covers the present time." *Id*. A drug-related conviction within the past year, multiple arrests for drug-related offenses if the most recent arrest was within the past year, or a positive drug test if the test was administered within the past year would also meet the definition. *Id*.

The government notes that although this Court has never defined "unlawful user," it has affirmed when district courts have instructed juries consistently with 27 C.F.R. § 478.11. See, Gov't. Br. at 14, citing *United States v. Carnes*, 22 F.4th 743 (8th Cir. 2022); *United States v. Boslau*, 632 F.3d 422, 430 (8th Cir. 2011); and *Turnbull*, 349 F.3d at 561-62. According to the government, "this Court has repeatedly found facts similar to Madden's sufficient to prove violations of § 922 (g)(3)" (Gov't. Br. at 15). The cases cited by the government merely decided that the defendants' conduct met the definition in 27 C.F.R. § 478.11. *See e.g.*, *United States v. Carnes*, 22 F.4th 743, 746 (8th Cir. 2022) (when found in possession of a firearm by police officers, defendant with a pattern of firearm misuse admitted having just smoked marijuana, had the smell of marijuana on his breath, and admittedly refused blood and urine tests because he knew they would be positive);

4

*United States v. McIntosh*, 23 F.3d 1454, 1458 (8th Cir. 1994) (defendant told witnesses he used methamphetamine and cocaine, confessed to a police officer he was a drug addict, and witnesses saw defendant carrying a firearm when he sold drugs).

Those cases did not decide the issue raised by Mr. Madden—does the definition of an "unlawful user" need to comport with the historical analysis required by the Supreme Court in *New York State Rifle & Pistol Ass'n v. Bruen*? *Bruen* held that if a statute prohibits conduct protected by the Second Amendment's plain text, the government must demonstrate that the statute is consistent with this Nation's historical tradition of firearm regulation. 597 U.S. 1, 17 (2022). Pre-*Bruen* precedent is binding only if it comports with *Bruen* analysis. *United States v. Veasley*, 98 F.4th 906, 910 (8th Cir. 2024); *United States v. Sitladeen*, 64 F.4th 978, 983 (8th Cir. 2023).

In *Veasley*, this Court addressed a facial challenge to § 922 (g)(3). 98 F.4th at 910. The Court did not rely solely on prior circuit precedent denying such a challenge, *United States v. Seay*, because "*Bruen* has supplemented the analysis."[2] *Id*. Although *Veasley* reached a conclusion "[c]onsistent with *Seay*," it added to *Seay*'s analysis "by doing the historical work and 'analogical reasoning' that *Bruen* requires." *Id*. at 918.

---

[2] *United States v. Seay*, 620 F.3d 919 (8th Cir. 2010).

5

In *Sitladeen*, this Court addressed the constitutionality of 18 U.S.C. § 922 (g)(5)(A), which prohibits possession of a firearm by an alien illegally or unlawfully in the United States. 64 F.4th at 983. In a prior decision, *United States v. Flores*, the Court held that the protections of the Second Amendment did not extend to aliens illegally present in the United States.[3] *Id*. *Sitladeen* concluded that *Flores* was controlling because *Flores* did "exactly" what *Bruen* required—it addressed *Bruen*'s "threshold question" and determined that the plain text of the Second Amendment does not cover any conduct by unlawfully present aliens. *Id*. at 987. *Flores* was undisturbed by *Bruen*, and therefore the Court was bound by it. *Id*.

Here, this Court is not bound by the § 922 (g)(3) cases cited by the government because those cases did not conduct the supplemental analysis required by *Bruen*. *Veasley*, 98 F.4th at 918. The government's cases merely applied the facts of each case to the Treasury Department's expansive definition of "unlawful user" and concluded that the defendants met that expansive definition.

The government wrongly claims Mr. Madden is trying to "shoehorn recent Supreme Court decisions on the Second Amendment into his void for vagueness challenge" (Gov't. Br. at 18-19). The government has admitted it is generally accepted that § 922 (g)(3) risks being unconstitutionally vague without a judicially-

---

[3] *United States v. Flores*, 663 F.3d 1022 (8th Cir. 2011).

6

created temporal nexus between the gun possession and regular drug use (Gov't. Br. at 14). As with any ambiguous statute, it is a court's job "to independently interpret the statute and effectuate the will of Congress *subject to constitutional limits*." *Loper Bright Enterprises v. Raimondo*, 144 S.Ct. 2244, 2263 (2024) (emphasis added).

If a court has the power to create a temporal nexus without violating the separation of powers principle, the court's construction of § 922 (g)(3) must comply with the Second Amendment. *See*, *Perez v. Mortgage Bankers Assn*, 575 U.S. 92, 125 (2015) (Thomas, J., concurring) (if a case involved a conflict between a law and the Constitution, judges would have a duty to adhere to the Constitution and disregard the law); *Marbury v. Madison*, 5 U.S. 137, 180 (1803) ("the particular phraseology of the constitution of the United States confirms and strengthens the principle, supposed to be essential to a written constitutions, that a law repugnant to the constitution is void; and that courts, as well as other departments, are bound by that instrument").

**C. Mr. Madden's as-applied challenge is meritorious and does not fail because of his admitted daily usage of marijuana.**

The government claims Mr. Madden did not "refer to his conduct at all" in his opening brief, "[p]resumably because his as-applied challenge fails given the facts of this case" (Gov't. Br. 15, 17). Not so. Mr. Madden is not asserting the

7

rights of some hypothetical defendant. As noted in his opening brief, Mr. Madden stipulated in the pretrial diversion agreement he smoked marijuana daily (Add. at 26-27). He also admitted that he knowingly possessed a firearm the day he was arrested (Add. at 26). The stipulated facts in the diversion agreement include nothing suggesting Mr. Madden was under the influence of marijuana when he possessed the firearm (Add. at 25-27). The arresting officers did not report observing anything about Mr. Madden's appearance or behavior that would suggest he was high (Add. at 25-27). There was no evidence that Mr. Madden did anything with the firearm other than keep it in his fanny pack (Add. at 25-27).

At the bench trial, the government relied solely on the pretrial diversion agreement and did not offer other evidence (Tr. 3-4). When Mr. Madden moved to dismiss the indictment, the government argued it was premature because fact-finding regarding the circumstances of the offense was required to determine if the statute was unconstitutionally applied to Mr. Madden (R. Doc. I, 33 at 5-7). The government insisted it was "entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Rule 29" (R. Doc. I, 33 at 3). The government had the opportunity to "marshal and present its evidence" at the bench trial, but instead chose to rely only on the pretrial diversion agreement. Thus, the stipulated facts in that agreement comprise the entire record on which Mr. Madden's constitutional challenge should be decided.

8

The historical analysis in *Veasley* helps understanding why § 922 (g)(3) is unconstitutionally vague as applied to Mr. Madden. *Veasley* recognized that alcohol, opioids, cannabis, and natural hallucinogens were used in 18th century America. 98 F.4th at 910-11. There was little to no regulation as to the possession of firearms by users of these drugs. *Id*. at 911-12 (government conceded its review of early colonial laws revealed no statutes that prohibited firearm possession by drug users). "For drinkers, the focus was on use of a firearm, not its possession." *Id*. "[D]isarming *all* drug users," the Court said, "is inconsistent with the Second Amendment." *Id*. at 912 (emphasis in the original).

Users of other drugs, such as PCP, methamphetamine, and fentanyl which were unknown in the Founding era, can be temporarily disarmed. *Id*. at 915-16. For users of these drugs, *Veasley* reasoned by analogy to historical laws prohibiting dangerous, mentally ill people from possessing firearms. *Id*. at 912-16. The justification and burden imposed by § 922 (g)(3) were comparable to Founding-era laws governing the mentally ill. *Id*. at 915-16. "At least as applied to drug users and addicts who pose a danger to others, § 922(g)(3) is just another example of this 'longstanding' tradition" of keeping guns out of the hands of presumptively risky people. *Id*. at 916. Mr. Veasley's facial challenge to § 922(g)(3) was denied because "at least some drug users and addicts fall within a class of people who historically have had limits placed on their right to bear arms." *Id*. at 918. As-

9

applied challenges remain for those who claim they are non-dangerous drug users. *Id*.

The Fifth Circuit in *United States v. Connelly* conducted similar analysis in a case involving a marijuana user who possessed a firearm in her home. --- F.4th ---, 2024 WL 3963874 at *4-5 (5th Circuit 2024). Firearm restrictions imposed on the severely mentally ill could not justify disarming a currently sober marijuana user who merely possessed a firearm. *Id*. at *5, 8. Historical statutes only support banning the carry of firearms by drug users who are *actively intoxicated*. *Id*. at *9.

*Connelly* explained there is a substantial difference between an actively intoxicated person and an "unlawful user" under § 922 (g)(3). *Id*. at 9. The term "unlawful user" would capture marijuana users, "but the temporal nexus is most generously described as vague—it does not specify how recently an individual must 'use' drugs to qualify for the prohibition." *Id*. The court said the Treasury Department definition in 27 C.F.R. § 478.11 "stunningly" permitted an inference of "current use" based on a drug-related conviction within the past year. *Id*.

The government presented no evidence that Mr. Madden was intoxicated from marijuana use when he possessed the firearm, nor did it present any evidence he was dangerous. The term "unlawful user" is too vague when applied to someone like Mr. Madden, a non-violent, sober marijuana user who carried a firearm but did not use it to threaten or terrorize others.

10

# CONCLUSION

Because § 922 (g)(3) is unconstitutional as applied to Mr. Madden, he asks this Court to vacate his conviction and sentence.

Respectfully submitted,

s/ Rebecca L. Kurz
Rebecca L. Kurz
Appellate Chief
1000 Walnut, Suite 600
Kansas City, MO 64106
Becky_Kurz@fd.org
(816) 471-8282

ATTORNEY FOR APPELLANT

11

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing reply brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(ii) because this brief contains 3,107 words. I further certify this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365, version 16, Times New Roman Font Face in Font size 14. Trend Micro Apex One Security Agent, version 14, file system auto protection is enabled on all work stations to ensure all files are virus free.

 s/ Rebecca L. Kurz
Rebecca L. Kurz

## CERTIFICATE OF SERVICE

It is CERTIFIED that on September 26, 2024, the foregoing was electronically submitted with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.

I certify that one copy of the appellant's brief and addendum were mailed on _____, 2024 to:

Matthew Madden
8359 Leavenworth Road Apt 12
Kansas City, Kansas

Brian Casey, Assistant U.S. Attorney
U.S. Attorney's Office
400 E. Ninth Street
Kansas City, MO 64106-2149

 s/ Rebecca L. Kurz
Rebecca L. Kurz